IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL COOPER,** | : | **Civ. No. 1:21-CV-01440** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COUNTY OF YORK o/a YORK** | : | |
| **COUNTY PRISON,** | : | |
| | : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

## <u>MEMORANDUM</u>

Before the court is a partial motion to dismiss the complaint for failure to state a claim filed by Defendant County of York o/a York County Prison ("York"). (Doc. 5.) For reasons set forth below, the motion will be granted in part.

## I.   <u>BACKGROUND</u>

The following facts from Plaintiff Michael Cooper's complaint are taken as true for the purpose of resolving York's motion to dismiss. Cooper is a 58-year-old male who was employed by York as a correctional officer for over 21 years until his termination on March 16, 2021. (Doc. 1 ¶¶ 12–13.) Cooper suffers from certain medical conditions affecting his knees and legs, which prevent him from performing some daily activities including walking, standing for long periods of time, bending, and squatting. (*Id.* ¶ 16.)

Around May 29, 2020, Cooper experienced flare-ups of his health conditions, which made it difficult for him to perform some of his job duties, including completing his 15-minute rounds. (*Id.* ¶ 18.) From May 29, 2020 to March 16, 2021, Cooper was placed on temporary light-duty status and assigned to work at a security checkpoint in order to accommodate his physical limitations. (*Id.* ¶¶ 20–21.)

Around June 2020, Cooper applied for intermittent leave under the Family and Medical Leave Act ("FMLA"). (*Id.* ¶ 20.) While he was on light-duty status, one of Cooper's supervisors, a Deputy Ogle, made various remarks to him including, "oh, you are still on light duty," and "how much how much longer do you have to work before retirement, you aren't getting any younger," and "when are you going to retire." (*Id.* ¶¶ 14, 21, 30.) York's Human Resources representative also asked Cooper on several occasions, "when are you going to retire." (*Id.* ¶ 30.)

In early March 2021, one of Cooper's managers asked him when he would be taken off light-duty status, and Cooper responded that only his doctor could answer that question, and that he had a follow-up appointment in a few weeks. (*Id.* ¶ 22.) One week later, Cooper's Shift Commander informed him that he was suspended. (*Id.* ¶ 23.)

On March 16, 2021, Cooper was terminated for allegedly being unable to come off light-duty status. (*Id.* ¶ 24.) One month later, he filed a Charge of

Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 5.)

On August 19, 2021, Cooper filed this action against York. Count 1 of the complaint asserts claims for disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et. seq.* Count 2 asserts claims for interference and retaliation in violation of the FMLA. Count 3 asserts claims for discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* (*Id.*)

York has filed a motion to dismiss Cooper's FMLA interference and ADEA claims for failure to state a claim. (Doc. 6). The motion has been fully briefed and is ripe for review.

## II.   <u>STANDARD OF REVIEW</u>

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). In reviewing a 12(b)(6) motion, the court must "accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them." *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018) (citation omitted). The facts alleged must be "construed in the light most favorable to the plaintiff." *In re Ins.*

*Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (internal quotations, brackets, and ellipses omitted). But "[t]he court is not required to draw unreasonable inferences" from the facts. 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004).

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard. *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. *Id.* at 365. Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id.* Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.   DISCUSSION

York's motion first requests dismissal of Cooper's FMLA interference claim. The FMLA requires covered employers to provide employees job-protected unpaid leave for their medical conditions. 29 U.S.C § 2601(b). The FMLA specifies two causes of action that may be filed: (1) interference claims alleging that the employer interfered with, restrained, or denied the exercise or the attempt to exercise any rights under the FMLA; and (2) claims alleging discrimination or retaliation against the

employee for exercising his or her rights under the FMLA. 29 U.S.C.A. § 2615(a)(1, 2.)

To assert a claim for FMLA interference, the plaintiff must adequately allege that "(1) he was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he was entitled under the FMLA." *Ross v. Gilhuly*, 755 F.3d 185, 191–92 (3d Cir. 2014) (citation omitted). An interference claim may lie where an employer denies an employee a benefit to which the employee is entitled under the FMLA, or where an employer discourages or refuses to authorize FMLA leave. *See Reinhold v. Cty. of York, Pa.*, No. 1:11-CV-605, 2012 WL 4104793, at *12 (M.D. Pa. Aug. 31, 2012). In order to establish liability for discouraging FMLA leave, the employee must point to some affirmative act by the employer. *See Hollingsworth v. R. Home Prop. Mgmt., LLC*, 498 F. Supp. 3d 590, 612 (E.D. Pa. 2020).

Here, York's motion correctly argues that the complaint fails to state a claim for FMLA interference. The complaint alleges that Cooper applied for FMLA leave, but it gives no indication that he was ever denied that leave or any other FMLA benefits to which he was entitled. *See Ross*, 755 F.3d at 192 ("[F]or an interference claim to be viable, the plaintiff must show that FMLA benefits were actually

withheld."). Nor does it aver facts to support that York took some affirmative step to discourage Cooper from using FMLA leave. *See Hollingsworth*, 498 F. Supp. 3d at 612. Cooper's brief in opposition to dismissal points to allegations that a manager made certain remarks about his light-duty status, as well as his averments that he was suspended and terminated shortly after being asked about his light-duty status. Neither allegation, however, implicates FMLA leave or FMLA benefits, regardless of whether Cooper's need for FMLA leave sprang from a similar condition as his need for a light-duty assignment. Because the complaint does not contain facts to support a plausible inference that York denied or discouraged FMLA leave, Cooper's FMLA interference claim will be dismissed. Nevertheless, the court finds that amendment will not necessarily be futile and accordingly will grant Cooper leave to amend the complaint.

York's motion also requests dismissal of Cooper's ADEA claim. The ADEA makes it unlawful for an employer to "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623. "To state a claim for age discrimination under the ADEA, a plaintiff must allege that (1) he is over forty, (2) he is qualified for the position in question, (3) he suffered from an adverse employment decision, and (4) his replacement was sufficiently younger to permit a reasonable inference

of age discrimination." *Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006) (citing *Potence v. Hazleton Area Sch. Dist.,* 357 F.3d 366, 370 (3d Cir. 2004); *see Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

Before initiating an action in federal court under the ADEA, a plaintiff "must exhaust all administrative remedies." *Kopko v. Lehigh Valley Health Network*, 776 F. App'x 768, 773 (3d Cir. 2019) (citing *Colgan v. Fisher Sci. Co.*, 935 F.2d 1407, 1414 (3d Cir. 1991); *see Money v. Provident Mut. Life Ins. Co.*, 189 F. App'x 114, 117 (3d Cir. 2006) ("A party seeking relief under the ADEA must exhaust his or her administrative remedies as required by 29 U.S.C. § 626(d).") (citing *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000)). The purposes that underlie the statutory requirement are many and include promoting judicial efficiency by "preventing premature interference with the agency processes," facilitating judicial review by affording courts the benefit of agency expertise, and serving judicial economy "by having the agency or other tribunal rather than the district court, compile the factual record." *Ray v. Kertes*, 285 F.3d 287, 292 (3d Cir. 2002) (quoting *Heywood v. Cruzan Motors, Inc*., 792 F.2d 367, 370 (3d Cir. 1986)). Accordingly, "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Ptasznik v. Univ. of Pennsylvania*, 523 F. App'x 156, 160 (3d Cir.

2013) (quoting *Webb v. City of Philadelphia*, 562 F.3d 256, 263 (3d Cir. 2009); *see also Waiters v. Parsons*, 729 F.2d 233, 235 (3d Cir. 1984).

Here, York's motion argues that Cooper's ADEA claims should be dismissed for failure to exhaust administrative remedies because his administrative complaint focused primarily on disability discrimination and failed to offer concrete facts to support his contention that he was disciplined or terminated because of age. While York's description of the document is not inaccurate, its argument is unpersuasive, as Cooper's administrative complaint made clear that he was alleging age discrimination and set forth certain non-conclusory facts to support his claim. Cooper stated in the administrative complaint, "I believe and aver that Respondent terminated my employment because of my age," and he checked a box to specify that he was alleging discrimination on the basis of "AGE." (Doc. 6-1 p. 2.) He also included specific facts to support three of the four elements of a prima facie age discrimination claim, by contending that he was 58 years old, that he had been working in the position for over 20 years, and that he suffered an adverse employment action through termination. (*Id.*) These allegations satisfy the exhaustion requirement. The express language of the administrative complaint would provide a reasonable EEOC employee with notice of Cooper's age discrimination claims, placing them squarely within the scope of complaint itself as well as any investigation arising therefrom. Moreover, Cooper's inclusion of certain

facts to support his age discrimination claim sets this case apart from those cited by York, which involve plaintiffs who merely check a box on their administrative complaint. *See McCutchen v. Sunoco, Inc.*, No. 01-CV-2788, 2002 WL 1896586, at *3 (E.D. Pa. Aug. 16, 2002), *aff'd*, 80 F. App'x 287 (3d Cir. 2003); *Fisher v. Cath. Soc. Servs. of Archdiocese of Philadelphia*, No. 18-CV-04653, 2019 WL 3731688, at *4 (E.D. Pa. Aug. 8, 2019); *Blassingame v. Sovereign Sec.*, LLC, No. 17-CV-1351, 2017 WL 3390199, at *4 (E.D. Pa. Aug. 7, 2017); *Prewitt v. Walgreens Co.*, No. 11-CV-02393, 2012 WL 4364660, at *7 n.13 (E.D. Pa. Sept. 25, 2012); *Eiler v. City of Pana*, 606 F. App'x 305, 306 (7th Cir. 2015). And while it is true that Cooper's administrative complaint did not include facts to support the final element of an age discrimination claim—that Cooper was replaced by someone sufficiently younger than him so as to support a discriminatory motive—York cites no controlling authority to support the proposition that an administrative charge must make out each element of a claim or otherwise raise a specific inference of age discrimination. Dismissal based on exhaustion of remedies is therefore not appropriate.

IV.   **CONCLUSION**

For the reasons set forth above, Defendant County of York o/a York County Prison's motion to dismiss will be granted in part. An appropriate order shall follow.

Dated: June 2, 2022

/s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge